IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY DALE SPRUNGER,<br>TDCJ #592745, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-09-3627 |
| RICK THALER, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

## MEMORANDUM AND ORDER

The petitioner, Terry Dale Sprunger (TDCJ #592745, former TDCJ #483380), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). He has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 1991 state court conviction. He has also filed a lengthy memorandum in support of his petition. The respondent has answered with a motion for summary judgment [Doc. # 5], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Sprunger has filed more than one reply [Docs. # 7, # 8, # 9]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A Harris County grand jury returned an indictment against Sprunger in cause number 591134, accusing him of aggravated robbery with a deadly weapon, namely, a firearm.  In particular, Sprunger was accused of participating in the armed robbery of a Bennigan's restaurant located at 10690 Northwest Freeway in Houston, Texas, on February 23, 1991. The State enhanced the indictment with allegations that Sprunger had at least one prior felony conviction for burglary of a habitation with intent to commit theft.  Sprunger was convicted of these charges in a state court judgment entered on July 11, 1991.  More than eighteen years later, on November 2, 2009, Sprunger filed the pending federal habeas corpus petition to challenge this conviction under 28 U.S.C. § 2254.

The respondent maintains that Sprunger's petition and the claims that he now attempts to raise are stale.  To resolve the threshold issue of whether Sprunger's pending federal habeas corpus petition is barred by the governing one-year statute of limitations found at 28 U.S.C. § 2244(d), it is helpful to review the background and the procedural history of the conviction at issue.  The state court proceedings, which included in a jury trial, a direct appeal, and three separate state habeas corpus applications, are summarized briefly below.

### A.    Sprunger's Trial

The aggravated robbery charges against Sprunger were presented to a jury in the 184th District Court of Harris County, Texas, at a trial beginning on July 9, 1991.  During this trial, the State presented evidence from the Bennigan's restaurant manager and his secretary, who

testified that two men robbed the establishment at approximately 9:00 a.m. on February 23, 1991.  The first robber, who demanded money from the office safe, wore a ski mask.  The second robber, who stood nearby while armed with a shotgun, wore a blue and white bandana across the lower portion of his face.  One of the eye-witnesses identified Sprunger as the second robber who wore the blue and white bandana.[1]

The trial court held a hearing outside the jury's presence after Sprunger's counsel challenged the eye-witness's identification.  The witness testified that she was working in the restaurant office when the robbery occurred.  She testified that she had a clear and close-up view of the armed perpetrator for three to four minutes while her boss opened the safe and handed over the cash that they had on hand.  Although a bandana covered the lower portion of his face, the witness could see the rest of his features.  She was able to describe his eyes and his hair.  The witness identified Sprunger initially from a photographic array.  She later identified Sprunger again following a line-up procedure, commenting that Sprunger looked "exactly" like the second robber.  At trial, she identified Sprunger as the second suspect who committed the robbery while armed with a shotgun and testified that she was positive it was him.

---

[1]  The record does not identify the first robber who accompanied Sprunger to the Bennigan's on February 23, 1991, while wearing a ski-mask.  According to the trial transcript, both of the robbery suspects were described as white males.  *See Court Reporter's Record*, vol. 3, at 34.  One of the investigating officers testified that another individual, who was suspected of committing the Bennigan's robbery, had been arrested and charged with a different aggravated robbery offense.  *See Court Reporter's Record*, vol. 3, at 123.  The officer did not disclose the identity of that suspect, but he acknowledged that, as of the start of Sprunger's trial on July 9, 1991, no one else had been arrested or convicted in connection with the Bennigan's robbery.  *See id.*

3

Sergeant Cameron Grysen testified that, based on the eye-witness identification made during the line-up procedure, he arrested Sprunger for the Bennigan's robbery. On cross-examination, Sprunger's counsel attempted to question Sergeant Grysen about an initial description recorded by another officer in the offense report, identifying the first robbery suspect as a white male but describing the second suspect as a black male with brown eyes. Sprunger's counsel attempted to show that, because Sprunger is white, he could not have been the second robbery suspect and the eye-witness identification was erroneous. The trial court, however, sustained the State's objection based on hearsay. Sergeant Grysen confirmed that, after viewing a photographic array, the eye-witness positively identified Sprunger as the person who robbed the Bennigan's restaurant, stating that "the eyes and the ears and the nose" were the same. Referencing the robbery suspect's description, Sergeant Grysen clarified that the initial offense report contained an error. Sergeant Grysen testified that, when he showed the offense report to the eye-witness, "she pointed out an error that was [made] on the computerized printout of the offense report." As of the date of trial, that error in the initial offense report had not been changed. On re-direct examination, Sergeant Grysen clarified further that Sprunger's identification as a potential suspect was based on additional information that was developed after "extensive investigation," and not the offense report.

Sprunger did not testify on his own behalf. His girlfriend testified that Sprunger was with her on the morning that the robbery occurred on February 23, 1991, because he spent the night at her apartment. She added that Sprunger could not have participated in the robbery because his car (a red Corvette) had been re-possessed the previous day, on February 22,

4

1991.  On cross-examination, Sprunger's girlfriend acknowledged that Sprunger had only recently moved out of an apartment that he shared with a man named Alfred Ray Jones.[2]  She testified that Jones admitted to her that he committed the robbery along with another individual named Jack Sutton.  According to Sprunger's girlfriend, Jones boasted about committing numerous robberies while he and Sprunger were roommates.  She acknowledged further that Sprunger was not working at the time of the robbery and that he had no apparent income because she had paid for everything during their brief relationship.

After hearing all of the evidence, the jury found Sprunger guilty as charged on July 10, 1991.  Sprunger elected to let the trial court impose sentence.  During the punishment phase of the proceeding, Sprunger admitted that he had a prior felony conviction for burglary of a habitation with intent to commit theft and that the enhancement allegation in the indictment was true.  Sprunger received a five-year prison sentence in that case.  After finding that the enhancement allegation was true, the 184th District Court of Harris County, Texas, sentenced Sprunger to serve fifty years' imprisonment.

## B.    Direct Appeal

On direct appeal, Sprunger challenged the admissibility of his in-court identification and the sufficiency of the evidence.  The intermediate court of appeals rejected Sprunger's

---

[2]     According to his girlfriend's testimony, Sprunger and his girlfriend reportedly met on Valentine's Day, February 14, 1991.  The following day, he moved out of the apartment he shared with Alfred Ray Jones and into his girlfriend's apartment.  The Bennigan's robbery occurred on February 23, 1991.  Alfred Ray Jones was arrested for an unrelated offense on March 1, 1991.  Sprunger was arrested and charged with the Bennigan's robbery on March 6, 1991.

arguments and affirmed the conviction in an unpublished opinion.  *See Springer v. State*, No. 14-91-00619-CR, 1992 WL 56853 (Tex. App. — Houston [14th Dist] March 26, 1992).  On June 24, 1992, the Texas Court of Criminal Appeals refused Springer's petition for discretionary review.  Springer did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.  Accordingly, his conviction became final on September 24, 1992.

### C.    Springer's First State Habeas Application

An August 31, 1993, Springer filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  In that application, Springer alleged that the trial court erred by excluding the offense report or testimony about certain information contained in that report as inadmissible hearsay.  Springer argued that the State failed to prove its case and that it knowingly suborned perjury from the eye-witnesses regarding his identification at trial.  Springer complained further that the pre-trial line-up procedure was unduly suggestive.  In addition, Springer alleged that he was denied effective assistance of counsel at trial because, among other things, his attorney did not subpoena or call his former roommate, Alfred Ray Jones, who would have testified that Springer "had nothing to do . . . with the robbery" that occurred on February 23, 1991.

In support of his habeas application, Springer provided an affidavit from Jones.  In that affidavit, which is dated December 18, 1992, Jones swore that Springer was innocent because an individual named "Jack Sutton" and "a person by the name of Troy" robbed the Bennigan's restaurant on February 23, 1991.  In his affidavit to the state habeas corpus court,

6

Sprunger's defense counsel explained that he "refused" to subpoena Alfred Jones as a witness because it was "in the best interest of [his] client." Counsel elaborated that Jones was incarcerated in the Harris County Jail for aggravated robbery, as was [Sprunger], and accused of robbing a restaurant, as was [Sprunger]." The fact that Jones and Sprunger were roommates shortly before Sprunger's arrest also had a bearing on counsel's decision not to call Jones as a witness. In contrast to the affidavit from Jones, who blamed Jack Sutton and his friend Troy, Sprunger's defense counsel observed that Sprunger repeatedly accused Jones of committing the Bennigan's robbery. Counsel explained, therefore, that he did not call Jones to testify because he believed that Jones would invoke the privilege against self-incrimination found in the Fifth Amendment and that he would not implicate himself in the robbery by testifying on Sprunger's behalf.

The state habeas corpus court, which also presided over the trial, entered findings of fact and conclusions of law, recommending that relief be denied. In doing so, the state habeas corpus court found that the affidavit provided by Sprunger's trial counsel was "credible," that Sprunger's defense counsel "rendered effective assistance," and that all of Sprunger's remaining claims were not cognizable on collateral review. The Texas Court of Criminal Appeals agreed and denied relief on January 26, 1994, without a written order, on findings made by the trial court without a hearing. *See Ex parte Sprunger*, No. 25,545-01 at 78-79.

### D.    Sprunger's Second State Habeas Application

On January 16, 2002, Sprunger filed a second application for a writ of habeas corpus under Article 11.07. In this application, Sprunger claimed to have new evidence of his

"factual innocence." In support of this claim, Sprunger provided a new affidavit from Alfred Ray Jones. In this affidavit, which is dated October 14, 1997, Jones confessed that he robbed the Bennigan's restaurant on February 23, 1991, along with Jack Sutton, and that Sprunger was not involved. Jones, who was incarcerated in TDCJ when he executed the affidavit in 1997, explained that he did not come forward sooner because he was afraid of Jack Sutton, who was now deceased, and because he believed that the statute of limitations had now expired on the Bennigan's robbery.

The state habeas corpus court found that Sprunger's second habeas application was successive and therefore barred because he did not meet the criteria for review or relief set out in the Texas abuse-of-the writ statute. *See* TEX. CRIM. APP. P. art. 11.07 § 4(a) (2001). In that regard, the state habeas corpus court recommended dismissal under Article 11.07, § 4(a), after finding that Sprunger failed to show that (1) "the current claims have not been and could not have been presented previously in an original or in a previously considered application because the factual or legal basis for the claims were unavailable . . . ;" or (2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt." Alternatively, noting that Jones told a different story in the December 18, 1992 affidavit that he provided in support of Sprunger's first application, the state habeas corpus court found that Jones's 1997 affidavit was "not credible." The state habeas corpus court concluded, therefore, that Sprunger "failed to show by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence." The Texas Court of Criminal

8

Appeals dismissed the application without further consideration on April 16, 2003, as a successive petition under Article 11.07 § 4(a).  *See Ex parte Sprunger*, No. 25,545-02.

### E.    Sprunger's Third State Habeas Application

On June 15, 2009, Sprunger filed a third application for a writ of habeas corpus under Article 11.07.   In that application, Sprunger complained that he was denied effective assistance of counsel on appeal because his attorney failed to raise an assortment of claims.[3] Sprunger argued further that the appellate prosecutor of engaged in misconduct by misrepresenting testimony in the State's appellate brief.  Sprunger accused the trial prosecutor of suborning perjury and concealing material, exculpatory evidence found in the offense report.   Sprunger also repeated claims of ineffective-assistance against his trial counsel, arguing that his attorney failed to subpoena or call Alfred Ray Jones as a witness, among other things.  Sprunger alleged further that the trial court committed judicial misconduct by allowing his conviction to stand based solely on the testimony of one eye-witness as to his identification.

---

[3]     Sprunger argued that his appellate counsel was deficient because he failed to do the following:  (1) investigate the facts by means of the trial record; (2) take an "active role as advocate" by conducting "research [on the] relevant facts and law"; (3) raise claims of ineffective assistance of counsel against his trial attorney; (4) argue that the trial court violated his due process rights by failing to provide the actual photographic arrays that were used to obtain his pretrial identification; (5) raise an issue about prior statements by witnesses; (6) raise a argument that two witnesses were required by Article 38.17 of the Texas Code of Criminal Procedure; (7) present "the actual facts of only one video taped lineup"; and (8) argue that the trial prosecutor engaged in misconduct by objecting to the admissibility of the offense report.

The state habeas corpus court recommended dismissal under Article 11.07, § 4(a), after finding that Sprunger failed to show that his claims "could not have been presented previously because the factual or legal basis for the claims were unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt."  The Texas Court of Criminal Appeals agreed dismissed the application on October 7, 2009, as a successive writ.  *See Ex parte Sprunger*, No. 25,545-03.

### F.   Sprunger's Pending Federal Habeas Petition

In a petition that is dated November 2, 2009,[4] Sprunger now seeks relief from his state court conviction under 28 U.S.C. § 2254.  Sprunger's federal habeas petition includes a lengthy memorandum of law and the same exhibits that he presented in support of his third state habeas corpus application.  In this proceeding, Sprunger claims that he is entitled to relief because he was denied effective assistance of counsel because his appellate attorney failed to "perfect" or raise several issues on appeal.  Sprunger also repeats his claim that trial counsel was deficient for failing to call Alfred Ray Jones as a witness or to present evidence linking Jones to the commission of the robbery.  Sprunger claims further that the trial court engaged in judicial misconduct by ruling on his motion to suppress the pretrial identification without requiring the actual photographic arrays to be produced during trial.  In addition,

---

[4]     The Clerk's Office received the petition on November 4, 2009.  However, the petition is dated November 2, 2009, indicating that the petitioner placed his pleadings in the prison mail system on that date.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Sprunger complains that the trial court violated his right to due process by excluding the offense report as inadmissible hearsay.

The respondent notes that the challenged conviction became final in 1992, and that all of the facts underlying Sprunger's claims could have been presented previously if due diligence had been used. The respondent maintains, therefore, that Sprunger is not entitled to review or relief because his petition is untimely and therefore barred by the governing one-year statute of limitations.  Sprunger has filed more than one reply, and he also requests leave to conduct discovery.[5]  The  parties' contentions are discussed further below.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Where a petitioner challenges a state court judgment, the statute of limitations for federal habeas corpus review typically begins to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[5]    The record appears to contain two copies of Sprunger's response to the summary judgment motion [Docs. # 7, # 9] and a separate motion for discovery [Doc. # 8].

11

In this case, Sprunger attacks a state court judgment of conviction that was entered in 1991. As noted above, the intermediate court of appeals affirmed the conviction in an unpublished opinion dated March 26, 1992. The Texas Court of Criminal Appeals refused Sprunger's petition for discretionary review on June 24, 1992. Although Sprunger did not file an application for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later on or about September 24, 1992. Sprunger's conviction became final on that date.

Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Sprunger had until April 24, 1997, to file his federal petition. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). The pending federal habeas petition, executed on November 2, 2009, is more than ten years late. Therefore, the petition is time-barred unless an exception applies.

**A.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). As noted above, Sprunger filed his initial state habeas corpus application on August 31, 1993, and the Texas Court of Criminal Appeals denied relief on January 26, 1994. Because this application was filed

12

before the expiration of the grace period, it did not extend Sprunger's deadline or toll the limitations period on federal habeas corpus review.

Sprunger filed a second state habeas application on January 16, 2002, which was dismissed on April 16, 2003 as a successive writ. Sprunger filed a third state habeas application on June 15, 2009, which was dismissed on October 7, 2009, also as a successive writ. Because both of these applications were filed well after the grace period expired on April 24, 1997, they do not have any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Sprunger presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Sprunger has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C). According to the state court records, Sprunger has been aware of the facts underlying his claims since his trial in 1991 or, at the latest, upon the completion of his first attempt at state habeas review in 1994. *See Ex parte Sprunger*, No. 25,545-01. Based on this record, Sprunger knew or should have known about the facts underlying his claims before the grace period expired on April 24, 1997. Sprunger fails to identify any factual predicate for his current claims that could not have been discovered previously if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, there is no statutory basis to save Sprunger's late-filed claims.

### B.      Equitable Tolling

In his response to the summary judgment motion, Sprunger points to his status as an indigent inmate and asks for equitable tolling.  Equitable tolling is an extraordinary remedy which is only sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Sprunger fails to meet that burden here because he does not show that he pursued his rights

14

with the requisite diligence.  Further, Sprunger fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

The chronology of Sprunger's state court proceedings, which are outlined in more detail above, demonstrate substantial delay on his part in presenting his claims in federal court.  As noted above, Sprunger's aggravated robbery conviction became final on September 24, 1992.  Sprunger waited almost an entire year to file his initial state habeas corpus application on August 31, 1993, which the Texas Court of Criminal Appeals denied on January 26, 1994.  Springer did not proceed promptly to federal court with his claims. Instead, Sprunger waited eight years, until January 16, 2002, to file a second state habeas corpus application, which the Texas Court of Criminal Appeals dismissed as successive on April 16, 2003.  Sprunger then engaged in further delay, waiting six years, until June 15, 2009, to file a third state habeas corpus application, which the Texas Court of Criminal Appeals dismissed as successive on October 7, 2009.  Thereafter, on November 2, 2009, Sprunger executed his pending federal habeas corpus petition and placed it in the mail.

This record discloses extensive delay for which Sprunger offers no valid explanation. Although Sprunger appears to allege that he needed time to obtain a copy of the offense report, the record shows that this document was available to his counsel and its contents were discussed at trial.  The state court records reflect that all of the other exhibits attached to Sprunger's federal petition have been in his possession, or available to him, since before the

15

expiration of the grace period in 1997.[6]  Although Sprunger has filed a response to the

summary judgment motion, he does not allege facts showing that he has pursued federal

habeas review with the requisite diligence.  It is well established in this circuit that equitable

tolling is not available where, as here, the petitioner squanders his federal limitations period.

*See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

The Court notes that Sprunger claims to be innocent as a matter of fact.  In support of

this claim, Sprunger apparently relies on the second affidavit executed by Alfred Ray Jones

in 1997.  In that affidavit, Jones confessed that he committed the Bennigan's robbery on

February 23, 1991 along with Jack Sutton, who is now deceased, but that he was reluctant to

reveal his involvement until after the statute of limitations for the robbery had expired.

Although Sprunger obtained this affidavit from Jones in 1997, he did not present this

evidence or his claim of "factual innocence" for state habeas review until 2002.  Sprunger

does not provide any facts explaining why he delayed presenting this affidavit.

Importantly, the record shows that the state habeas corpus court rejected Jones's

affidavit, noting that Jones gave conflicting accounts of his involvement in the robbery in

another affidavit that he executed in 1992.  In that affidavit, Jones accused Jack Sutton and

another individual named "Troy" of committing the Bennigan's robbery.  The first state

---

[6]     The offense report, attached to Sprunger's memorandum as exhibit E, includes a letter which
shows that the offense report was released on February 26, 2009, in response to an open
records request.  According to the trial transcript, however, defense counsel had access to
the offense report during trial in 1991, and used that report to cross-examine the State's
witnesses.   Sprunger's defense attorney explained that the district attorney retained
possession of the report after the trial, but provided Sprunger with his trial notes about the
offense report in 1992.  [Doc. # 2, Exhibit I, M].

habeas corpus court rejected Jones's 1992 affidavit outright.  The second state habeas corpus court expressly found that Jones's 1997 affidavit was "not credible."  A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Springer presents no such evidence here.  Because Springer has not shown himself to be actually innocent, there is nothing in the record which excuses his failure to timely file his petition.[7]  *See Felder*, 204 F.3d at 171 (noting that claims of actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent); *see also Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence).

None of Springer's other allegations demonstrate an exceptional circumstance that meets the criteria for equitable tolling.  Although Springer has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and

---

[7]     The Court notes that Springer has filed a motion for discovery.  However, as discussed more fully below, Springer fails to demonstrate the requisite good cause to allow discovery at this late date or to show that the requested materials would, if presented as evidence, raise a genuine issue of material fact sufficient to delay ruling on the motion for summary judgment.

lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

In conclusion, Sprunger has not provided a sufficient explanation for his failure to comply with the statute of limitations on federal habeas corpus review and he fails to otherwise show that he has pursued his rights with due diligence.  The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[8]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).  However, the doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).   Given Sprunger's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Sprunger has not established that he

---

[8]     The Court notes further that Sprunger has had more than one opportunity for review by the state courts, including direct appeal and post-conviction.  Because the petition is plainly barred by the governing statute of limitation, the Court does not address the merits further.

is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### C.    Sprunger's Motion for Discovery

Sprunger has filed a motion for discovery.  [Doc. # 8].  Sprunger filed his motion for discovery after the respondent submitted a motion for summary judgment.  Therefore, the Court construes his request as a motion for a continuance to conduct discovery under Rule 56(f) of the Federal Rules of Civil Procedure.  Under Rule 56(f)(2), the Court may grant a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, if the party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its opposition.

Motions for a continuance under Rule 56(f) are "generally favored, and should be liberally granted."  *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992)).  To justify a continuance, however, the Rule 56(f) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.  *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).  In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"  *Stearns Airport*

*Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

Importantly, Rule 56(f) and the other Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with any statutory provisions or the rules governing federal habeas corpus review.  *See* 28 U.S.C. *foll*. § 2254, Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts.  Under these rules, discovery is limited in habeas corpus proceedings.  In particular, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000).  "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief."  *Murphy*, 205 F.3d at 814.  Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.*  In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery."  *Id.*  "Simply put, Rule 6 does not authorize fishing expeditions."  *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In this instance, Sprunger primarily seeks access to a copy of a Pre-Sentence Investigation Report ("PSI Report") for Alfred Ray Jones that was allegedly prepared in connection with a conviction for aggravated robbery in 1991.  Sprunger does not provide a cause number or any other information about Jones's conviction.  Sprunger simply alleges

that this PSI report contains "factual details of other robberies that Jones committed and was charged with and convicted by means of a plea bargain." Sprunger believes, therefore, that there may be information in the PSI report that is relevant to the Bennigan's robbery that occurred on February 23, 1991.

As outlined above, the petition in this case is barred by the governing statute of limitations. Sprunger does not dispute that his petition is untimely; nor does he dispute that most if not all of the facts underlying his claims have been available to him since the trial of his aggravated robbery case in July of 1991. To the extent that Sprunger seeks discovery in an attempt to show that Jones committed the Bennigan's robbery, he fails to explain why none of this evidence was presented during his first state habeas proceeding in 1993, when Jones supplied his initial affidavit that blamed Jack Sutton and another individual for the robbery. Jones executed a second affidavit in 1997, relating a different story about his involvement in the robbery. Sprunger fails to explain why he did not seek to develop the record regarding this claim when he finally presented Jones's second affidavit to the state courts in 2002. Because Sprunger fails to articulate specific facts justifying his delay, his request falls far short of the showing of good cause necessary to permit discovery under Rule 6.

More importantly, Sprunger does not allege facts showing that the requested discovery qualifies as the sort of "new reliable evidence" that would overcome a procedural default. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was

21

not presented at trial"). Nor does Sprunger meet the "extraordinarily high" showing that the requested discovery meets the standard of proof necessary to make a stand-alone claim of actual innocence. *House v. Bell*, 547 U.S. 518, 554-55 (2006). It follows that Sprunger's allegations are insufficient to raise a genuine issue of material fact to warrant a continuance under Rule 56(f). Accordingly, the motion for discovery will be denied.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

22

*Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996.  This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment [Doc. # 5] is **GRANTED** and the petitioner's motion for discovery [Doc. # 8] is **DENIED**.

2.   The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 9, 2010.

23

Nancy F. Atlas
United States District Judge